IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALTOM TRANSPORT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 14-cv-9547 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| WESTCHESTER FIRE INSURANCE | ) | |
| COMPANY and MICHAEL STAMPLEY, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Westchester Fire Insurance Company ("Westchester"), moves to dismiss plaintiff, Altom Transport, Inc.'s ("Altom"), complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Westchester argues that the complaint incorporated the insurance policy at issue, and the policy clearly does not cover Altom for the underlying lawsuit. Thus, Westchester asserts that it had no duty to defend and Altom's complaint for coverage, breach of the duty to defend, and attorney's fees or statutory penalty under the Illinois Insurance Code. For the reasons stated herein, the motion is granted.

**Background**

Altom is a federally licensed interstate motor carrier and hauls liquid commodities in tanker-trailers. Westchester is Altom's insurer. Altom purchased an ACE Express Private Company Management Indemnity Package Insurance Policy ("policy") from Westchester effective from August 3, 2013, to August 3, 2014.

The policy has a Directors & Officers and Company coverage part which applied to allegations that the Company (Altom), its principals, and/or officers are liable for wrongful conduct.

1

The policy is a "claims made" policy, meaning it covers claims made during the policy period. The insuring agreement provision states:

> The Insurer [Westchester] shall pay the Loss of the Company [Altom Transport] which the Company becomes legally obligated to pay by reason of a Claim first made against the Company during the Policy Period or, if applicable, the Extended Period, and reported to the Insurer pursuant to subsection E1 herein, for any Wrongful Act taking place prior to the end of the Policy Period.

The policy contains the following relevant definitions:

> 1. Claim means:
> \* \* \*
> (c) A civil proceeding against any Insured seeking monetary damages or non-monetary or injunctive relief, commenced by the service of a complaint or similar pleading;
> \* \* \*
> 9. Wrongful Act means any actual or alleged error, omission, misleading statement, misstatement, neglect, breach of duty or act allegedly committed or attempted by:
> \* \* \*
> (c) the Company, but only with respect to Insuring Clause 3 of this Coverage Section.

Endorsement No. 14 amends the definition of Loss:

> Loss means damages, judgments, settlements, pre-judgment or post-judgment interest awarded by a court…

Westchester's duty to defend is described in the policy as follows:

> 1. It shall be the duty of the Insurer and not the duty of the Insureds to defend any Claim. Such duty shall exist even if any of the allegations are groundless, false or fraudulent. The Insurer's duty to defend any Claim shall cease when the Limits of Liability have been exhausted by the payment of Loss including Costs, Charges and Expenses.
> \* \* \*

There are two relevant exclusions that preclude coverage for certain types of claims:

> Insurer shall not be liable for Loss under this Coverage Section on account of any Claim:
> (m) alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:

> > (i) improper payroll deductions, unpaid wages or other compensation, misclassification of employee status, or any violation of any law, rule or regulation, or amendments thereto, that governs the same topic or subject;
>
> * * *
>
> Insurer shall not be liable for Loss on account of any Claim:
> > (a) alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving the actual or alleged breach of any contract or agreement; except and to the extent the Company would have been liable in the absence of such contract or agreement;
>
> (Policy, Directors & Officers and Company Coverage Section C.1.m.(i), C.2.a, Dkt. 1-1 at 124, 125).

Defendant Michael Stampley was an independent operator truck driver for Altom. Altom leased Stampley's driving services. Altom terminated its lease agreement with Stampley on March 24, 2014, for service related failures. On May 21, 2014, Stampley filed a lawsuit against Altom in the United States District Court for the Northern District of Illinois, case No. 1:14-cv-03747. In his complaint, Stampley alleges that he and other owner-operator drivers similarly situated should have been paid additional funds and that Altom wrongfully withheld such payments. (Dkt. 1-1, Complaint at ¶ 11). Stampley alleges three causes of action in his complaint: (1) that the lease agreement used by Altom violated 49 C.F.R. § 376.12 by failing to include aspects of the calculation of compensation; (2) that Altom breached its agreement with Stampley and other owner-operators by failing to pay compensation under the agreements; and (3) that Altom purportedly wrongfully enriched itself by not paying Stampley and other drivers 70% of the gross.

Altom tendered the Stampley case to Westchester on May 23, 2014, requesting a defense and indemnity. On July 14, 2014, Westchester denied coverage. Altom retained counsel and proceeded to defend against Stampley. On October 14, 2014, Stampley submitted a "final" time-demand for settlement to Altom in the amount of $1.9 million. The settlement demand, which was set to expire on October 17, 2014, at 9:00 a.m., was within the Westchester policy limits. Altom tendered the demand to Westchester and requested it reconsider its denial of coverage and settle the claim.

Westchester did not respond and Stampley withdrew the settlement demand on October 21, 2014. Stampley increased his demand to $2.3 million on October 27, 2014, with an expiration date of October 31, 2014. Altom advised Westchester of the increased demand and requested that Westchester cover the settlement. Westchester did not respond.

Altom filed the instant law suit against Westchester, alleging wrongful refusal of Duty to Defend (Count I); imposition of estoppel, meaning Westchester is estopped from asserting any defenses to coverage for the Stampley action if the claim is deemed to fall within the policy (Count II); and relief under the Illinois Insurance Code, 215 ILCS 5/155 (Count III).

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.* Rule 10(c) provides that "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992) (citing *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, slip op. at 5 (7th Cir. 1992)).

**Discussion**

Westchester asserts that the documents attached to the complaint show that Altom is not entitled to judgment in its favor. Westchester makes three arguments in support of dismissal. First, Westchester argues that the underlying lying lawsuit filed by Stampley against Altom is not covered by the policy because the unpaid-compensation and breach-of-contract exclusions are unambiguous and eliminate coverage for Stampley's claims. Thus, Westchester claims it has no duty to defend

4

Altom against that claim and it properly denied coverage. The second argument is that Altom is not entitled to coverage by estoppel because Westchester had no duty to defend. Thirdly, Westchester contends that Altom has no claim under section 155 of the Illinois Insurance Code because Westchester has asserted a "legitimate policy defense" in the application of the policy exclusion to the claims in the underlying lawsuit.

The parties agree that Illinois law governs the coverage dispute in this case. In an insurance coverage declaratory judgment action brought in federal court in Illinois based on diversity, Illinois contract law applies. *Clarendon Nat. Ins. Co. v. Medina*, 645 F.3d 928, 933 (7th Cir. 2011)(citing *Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill. 2d 11, 823 N.E.2d 561, 564, 291 Ill. Dec. 269 (Ill. 2005)). When considering an insurance policy, courts aim to give effect to the intention of the parties based on the plain language of the policy so long as doing so does not contravene public policy. *Id.*

In Illinois, a court resolves the question of whether a duty to defend exists by comparing the facts alleged in the underlying complaint to the language of the insurance policy. *State Farm Fire and Casualty v. Young*, 2012 IL App (1st) 103736, 968 N.E.2d 759, 763, 360 Ill. Dec. 266 (1st Dist. 2012). If the facts alleged in the underlying complaint fall within or potentially within the policy's coverage, the insurer's duty to defend arises. *Outboard Marine Corp. v. Liberty Mutual*, 154 Ill.2d 90, 108, 607 N.E.2d 1204, 1213, 180 Ill. Dec. 691 (1992). If it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage, there is no duty to defend. *State Farm Fire and Casualty*, 968 N.E.2d at 763. The underlying complaint must be construed liberally in favor of the insured. *U.S. Fidelity & Guaranty v. Wilkin Insulation Co.*, 144 Ill.2d 64, 74, 578 N.E.2d 926, 930, 161 Ill. Dec. 280 (1991). Courts will apply as written an exclusion provision in an insurance policy that is clear and unambiguous as long as it does not contravene public policy. *Nat'l Union Fire Ins. Co. v. R. Olson Constr. Contrs.*, 329 Ill. App. 3d 228, 233 (2d Dist. 2002).

Here, Altom attached to its complaint the policy at issue as well as the Stampley complaint in the underlying law suit. Both these documents are therefore considered part of the pleadings for this Court's evaluation of the legal sufficiency of Altom's complaint. *See* Fed. R. Civ. P. 10(c). Westchester contends that Stampley's complaint in the underlying law suit falls under the exclusions in the policy. As noted above, there are two relevant exclusions in the policy: the unpaid-compensation exclusion and the breach-of-contract exclusion.

This Court finds that the exclusions are clear and unambiguous and relieve Westchester of the duty to defend under the policy. Stampley on behalf of himself and other similarly situated owner operators filed a class complaint alleging that Altom failed "to disclose in the owner operator agreements that Altom would be compensating Plaintiff and the other members of the Class based upon an amount less than the actual gross amount applicable to the shipment, even though Plaintiff and the other members of the Class were promised to be paid 70% of gross." (Dkt. 1-1, Stampley Complaint at ¶ 26). Stampley further alleges that "Altom violated § 376.12(d) by using owner operator agreements that failed to identify or disclose that the amounts used to calculate owner operator compensation would be less than the actual gross amount charged to Altom's customer." *Id.* at ¶ 27. Stampley's third claim for relief in the underlying complaint alleges unjust enrichment by Altom based on the improper retention by Altom of compensation owed to Stampley and the purported class members. *Id.* at ¶ 35.

These allegations clearly fall within the unpaid-compensation exclusion. They are based on or arise out of "improper payroll deductions, unpaid wages or *other compensation*, misclassification of employee status, *or any violation of any law, rule or regulation*, or amendments thereto, that governs the same topic or subject". (emphasis added). (Dkt. 1-1, Policy, Directors & Officers and Company Coverage Section C.1.m.(i)). Altom argues that this exclusion applies only to claims brought against Altom by employees and therefore does not apply to Stampley and the purported class because they

6

were independent contractors. Altom's argument must fail however because there is no language in the policy that limits this provision to employees. As noted above, the Court will apply an exclusion in an insurance policy as it is written if it is clear and unambiguous. If this Court were to read into the exclusion a limitation to employees rather than to include any claim for unpaid compensation, it would permit Altom to refuse payment to owner operators and pass the liability for unpaid compensation onto its insurer.

Similarly, the breach of contract exclusion outlined above relieves Westchester of the duty to defend. Stampley's second claim for relief in the underlying lawsuit is for breach of contract. Stampley alleges that "[t]he failure or refusal of Altom to pay Plaintiff and the members of the Class 70% of Gross constitutes a breach of contract between Altom and Plaintiff and the members of the Class." (Dkt. 1-1, Stampley Complaint at ¶ 32). This allegation fits squarely within the exclusion because it alleges "breach of any contract or agreement". Altom argues that Stampley's claim does not involve breach of contract because the fees it allegedly omitted from its compensation calculation were for tank washes performed on equipment owned by Altom and therefore the owner-operators were not entitled to those fees. This argument however is directed at the merits of Stampley's claim not the allegation that Altom breached its contract with the owner-operators by improperly withholding compensation owed under the contracts. "Where the facts alleged, even if false or groundless, are not within or potentially within the policy's language, the insurer has no duty to defend." *Ill. State Bar Ass'n Mut. Ins. Co. v. Cavenagh*, 2012 IL App (1st) 111810, P20 (Ill. App. Ct. 1st Dist. 2012). Accordingly, this Court finds that Stampley's claim for breach of contract falls under the breach of contract exclusion in the policy and therefore Westchester has no duty to defend.

Because this Court finds, upon comparing the underlying complaint with the policy at issue, that Westchester had no duty to defend because the claims fall within the policy exclusions. Accordingly, denial of coverage was proper and Westchester will not now be estopped from

7

asserting policy defenses. *See Cavenagh,* 2012 IL App (1st) 111810 at P29. Additionally, Altom is not entitled to section 155 statutory relief. Section 155 provides for "an extracontractual remedy" of attorney fees and costs for an insurer's "unreasonable and vexatious" refusal to comply with its policy obligations. *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 523-24, 675 N.E.2d 897, 221 Ill. Dec. 473 (1996); 215 ILCS 5/155(1) (West 2008). "[W]here a bona fide dispute concerning coverage exists, costs and sanctions [under section 155] are inappropriate." *State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369, 380, 757 N.E.2d 881, 259 Ill. Dec. 18 (2001). Here, there was undoubtedly a bona fide coverage dispute, this Court having found no duty to defend.

**Conclusion**

Based on the foregoing, Westchester's motion to dismiss [12] is granted.

IT IS SO ORDERED.

Date: May 18, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge